

**U.S. Department of Justice**

*United States Attorney's Office*
*District of New Jersey*

---

*970 Broad Street, 7th Fl.*  
*Newark, New Jersey 07102*

*Main: 973-645-2700*  
*Direct: 973-645-2736*  
*David.Simunovich@usdoj.gov*

**FILED UNDER SEAL & *EX PARTE***

February 27, 2026

**Via Hand Delivery**
Melissa E. Rhoads, Esq.
Clerk of the Court
United States District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

> Re:  *United States ex rel. [UNDER SEAL] v. [UNDER SEAL],*
> *Civil Action No. 25-16211 (BRM)*

Dear Ms. Rhoads:

I enclose for filing *ex parte* and under seal in the above-referenced case copies
each of the following documents:

1. The United States' notice of election to intervene for purposes of effectuating settlement;
2. Proposed order; and
3. Certificate of service.

We would greatly appreciate receiving a copy of the signed order in the
enclosed envelope.

- 2 -

Respectfully submitted,

TODD BLANCHE
U.S. Deputy Attorney General

PHILIP LAMPARELLO
Senior Counsel


/s/ David V. Simunovich
By:    David V. Simunovich
Assistant U.S. Attorney

Encl.

cc: Amy Gregory, Esq. – *Relator's counsel (via email)*

- 2 -

TODD BLANCHE
U.S. Deputy Attorney General
PHILIP LAMPARELLO
Senior Counsel
DAVID V. SIMUNOVICH
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel. (973) 645-2736
david.simunovich@usdoj.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* VERITY INVESTIGATIONS, LLC,<br><br>*Plaintiffs,*<br><br>v.<br><br>LYNRED USA INC.,<br><br>*Defendant.* | HON. BRIAN R. MARTINOTTI<br><br>*Civil Action No.* 25-16211<br><br>**FILED UNDER SEAL & *EX PARTE*** |

**THE UNITED STATES' NOTICE OF ELECTION TO INTERVENE FOR
PURPOSES OF EFFECTUATING SETTLEMENT**

The United States, Relator Verity Investigations, LLC, and Defendant Lynred USA Inc. ("Lynred"), have reached a settlement agreement to resolve the claims brought on behalf of the United States in this action. In light of this agreement, and for the purpose of effectuating and formalizing that resolution, pursuant to the False Claims Act, 31 U.S.C. §§ 3730(b)(2) and (4), the United States respectfully advises the Court of its decision to intervene for the purposes of settlement.

Specifically, the United States intervenes in this action with respect to civil claims predicated upon the following factual allegations (the "Covered Conduct"):

    i.    The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or about March 2020 designed to provide emergency financial assistance to millions of Americans suffering economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP"). PPP loans were guaranteed by the SBA and, if the loan proceeds were used for eligible expenses, the SBA would forgive the loan balance and accrued interest.

    ii.    To obtain a PPP loan, a qualifying business had to submit a PPP loan application to an authorized lender. The PPP loan application required the business, through its authorized representative, to acknowledge the PPP rules and make certain affirmative certifications that the applicant was eligible to obtain a PPP loan.

    iii.    On or about February 18, 2021, Lynred applied for a PPP loan (the "Second Draw PPP Loan"). At the time of its application, Defendant employed approximately 18 people in the United States. In addition, Lynred's two corporate affiliates, (*i.e.*, Lynred S.A.S. and

Lynred Asia-Pacific), employed more than 300 employees outside of the United States (though not in China).

iv. At the time Lynred submitted its application for the Second Draw PPP Loan, businesses with more than 300 employees were not eligible for PPP loans. Applicants were instructed that the 300-employee limit was inclusive of the applicant's affiliates. Under the rules in effect at the time of Lynred's application, applicants were required to count both U.S. and foreign affiliates' employees when evaluating their eligibility.

v. In its application, Lynred certified that it was eligible for its loan and that it employed no more than 300 employees. Lynred was not eligible for its loan because, inclusive of its foreign affiliates, it had more than 300 employees.

vi. Based on Lynred's certification of eligibility in its loan application, a lender approved the Second Draw PPP Loan application and issued a loan in the amount of $342,085. In addition, pursuant to the PPP, the SBA paid the lender a $17,104 processing fee in connection with the lender's issuance of the Second Draw PPP Loan.

vii. Lynred applied for and received forgiveness of the Second Draw PPP Loan, thereby extinguishing its liability for the $342,085 principal loan amount, as well as $2,338 in accrued interest.

3

Under the terms of the settlement agreement among the parties, following Lynred's payment of the settlement amount, the United States and the Relator will file a Notice of Voluntary Dismissal with respect to all claims brought on behalf of the United States against Lynred.

In light of the settlement agreement reached among the parties, the United States does not presently intend to file a complaint in intervention but reserves the right to seek leave to file such a complaint in the event that Lynred does not pay the full settlement amount consistent with the terms of the settlement agreement.

Finally, the United States hereby requests that the Court unseal the Relator's Complaint, this Notice of Intervention for Purposes of Effectuating Settlement, and all subsequent filings following this Notice of Election.

The United States further requests that all other papers on file in this action remain under seal because in discussing the content and extent of the United States' investigation, such papers are provided by law to the Court alone for the sole purpose of evaluating whether the seal and the time for making an election to intervene should be extended.

A proposed order accompanies this Notice.

Dated:    Newark, New Jersey
          February 27, 2026

                                    Respectfully submitted,

                                    TODD BLANCHE
                                    U.S. Deputy Attorney General

                                    PHILIP LAMPARELLO
                                    Senior Counsel

                            By:     /s/ David V. Simunovich
                                    DAVID V. SIMUNOVICH
                                    Assistant United States Attorney
                                    970 Broad Street, Suite 700
                                    Newark, NJ 07102
                                    Tel. (973) 645-2736
                                    david.simunovich@usdoj.gov
                                    *Attorneys for the United States*

5

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* VERITY INVESTIGATIONS, LLC, <br><br> *Plaintiffs,* <br><br> v. <br><br> LYNRED USA INC., <br><br> *Defendant.* | HON. BRIAN R. MARTINOTTI <br><br> *Civil Action No.* 25-16211 <br><br> **FILED UNDER SEAL & *EX PARTE*** |

**[PROPOSED]
ORDER**

The United States, pursuant to the False Claims Act, 31 U.S.C. §§ 3730(b)(2) and (4), having intervened in the above-captioned matter for purposes of settlement in this action, it is hereby:

**ORDERED** that the Relator's Complaint, the United States' Notice of Intervention for Purposes of Effectuating Settlement, and this Order be unsealed; and it is further

**ORDERED** the seal shall be lifted on all matters occurring in this action after the date of this Order; and it is further

**ORDERED** that all other papers or Orders on file in this matter shall remain under seal; and it is further

**ORDERED** the Clerk of the Court shall provide an executed copy of this Order to counsel for the Government and counsel for the Relator.

**IT IS SO ORDERED**, this _____ day of _____, 2026.

_____
HON. BRIAN R. MARTINOTTI
United States District Judge

2

TODD BLANCHE
U.S. Deputy Attorney General
PHILIP LAMPARELLO
Senior Counsel
DAVID V. SIMUNOVICH
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel. (973) 645-2736
david.simunovich@usdoj.gov

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA *ex rel.*
VERITY INVESTIGATIONS, LLC,

        *Plaintiffs,*

    v.

LYNRED USA INC.,

        *Defendant.*

HON. BRIAN R. MARTINOTTI

*Civil Action No.* 25-16211

**FILED UNDER SEAL & *EX PARTE***

## CERTIFICATE OF SERVICE

I, Assistant U.S. Attorney David V. Simunovich, hereby certify that on February 27, 2026, I caused copies of the Notice of Election to Intervene for Purposes of Effectuating Settlement and a Proposed Order to be filed with the Court via U.S. mail, with an electronic courtesy copy, and sent to Relator Verity Investigations, LLC, through its counsel, Amy Gregory, Esq., via email.

I swear that the foregoing statements are true and correct to the best of my knowledge. I am aware that I am subject to penalty for any willful misstatement herein.

Dated:    Newark, New Jersey
          February 27, 2026

                                        /s/ David V. Simunovich
                                        DAVID V. SIMUNOVICH
                                        Assistant United States Attorney

2

**U.S. Department of Justice**

United States Attorney's Office
*District of New Jersey*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102-2535*

Official Business

**SEALED**

Clerk of the Court
MLK Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102